**TAGGED OPINION**



**ORDERED in the Southern District of Florida on December 14, 2006.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**A. Jay Cristol, Judge**
　　　　　　　　　　　　　　　　　　**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| E.S. BANKEST, L.C. | Case No. 04-17602-BKC-AJC |
| 　　Debtor. _____/ | |
| LEWIS B. FREEMAN, as Liquidating Trustee for the E.S. Bankest, L.C. Liquidating Trust, | Adv. Pro. No. 06-1777-AJC-A |
| 　　Plaintiff, | |
| v. | |
| DIANA JEAN GARMENDIA, | |
| 　　Defendant. _____/ | |

**ORDER (I) DENYING ADVERSARY DEFENDANT GARMENDIA'S
MOTION FOR PARTIAL SUMMARY JUDGMENT, AND (II) GRANTING IN PART
<u>PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT</u>**

**THE MATTER** came before the Court for hearing in Miami, Florida on October 25, 2006 at 2:30 p.m. upon (1) Adversary Defendant Garmendia's Motion for Partial Summary Judgment (the "Defendant's Motion") (C.P.#9) filed by Defendant Diana Jean Garmendia (the "Defendant" or "Garmendia") and her supporting Affidavit (the "First Affidavit") (C.P.#10), and (2) Plaintiff's (I) Response in Opposition to Adversary Defendant Garmendia's Motion for Partial Summary Judgment, and (II) Cross Motion for Summary Judgment (the "Plaintiff's Cross-Motion") (C.P.#15) filed by Plaintiff Lewis B. Freeman in his capacity as Liquidating Trustee for the E.S. Bankest, L.C. Liquidating Trust (the "Plaintiff").

At the conclusion of the hearing, the Court authorized Defendant's counsel to submit an Affidavit explaining the apparent inconsistency between (i) the Proof of Claim the Defendant filed in the chapter 7 case of Bankest Capital Corp. ("Capital"), Case No. 04-10941-BKC-AJC, which Proof of Claim identified, *inter alia*, Check No. 3957 of Defendant, dated December 19, 2002, in the amount of $100,000 as a "loan" to Capital (the "Check") (C.P.#15, Exhibit A), and (ii) the Affidavit submitted by the Defendant in support of Defendant's Motion for summary judgment in this Adversary Proceeding in which she identified *the same Check* as having been used to purchase 400,000 shares (the "Shares") of common stock in Stratasec, Inc. ("Stratasec"). (C.P.#10) On October 26, 2006, Garmendia's counsel submitted his explanatory Affidavit (the "Second Affidavit," together with the First Affidavit, hereinafter the "Affidavits"). (C.P.#19)

The Court authorized, without objection, Freeman to file with the Court in further support of his Cross Motion for summary judgment a Schedule 13D statement that was filed by E.S. Bankest, L.C. ("Bankest") and Capital, among others, with the Securities and Exchange Commission (the "SEC") on January 24, 2003 (the "13D Statement"). Freeman asserts that the 13D Statement demonstrates that the Shares received by the Defendant were derived directly

from Bankest *not* Capital. On October 25, 2006 Freeman submitted via Notice of Filing a copy of the 13D Statement. (C.P.#18)  For the reasons set forth below, the Court, having considered the Defendants' Motion and Affidavits, the Plaintiff's Cross-Motion and the 13D Statement, argument of counsel, and being otherwise duly advised in the premises, **DENIES** the Defendant's Motion, **GRANTS IN PART** the Plaintiff's Cross-Motion and enters partial summary judgment in favor of Plaintiff and against Defendant as set forth herein.

## Undisputed Facts

1.	On December 19, 2002, Defendant wrote the Check in the amount of $100,000 made out to "Bankest" for the purchase of the Shares. Exhibit 1 to First Affidavit. There is no dispute that the Check was deposited in Capital's account (Account No. 106122797) at Espirito Santo Bank in Miami, Florida. Composite Exhibit B to Plaintiff's Cross-Motion. Defendant, through her counsel, has acknowledged this fact. Exhibit C to Plaintiff's Cross-Motion, at 2 ("The [C]heck indicates that it was deposited to Bankest Capital's account at Espirito Santo Bank of Miami.").

2.	On January 24, 2003, Bankest and Stratasec entered into an Agreement (the "Bankest-Stratasec Agreement") pursuant to which Stratasec agreed to transfer seven million shares of newly-issued common stock priced at $.25 per share to Bankest and/or its assigns and, in return, Stratasec would receive an in-kind reduction of $1.75 million in debt it owed *to Bankest*. Exhibit D to Defendant's Cross-Motion.

3.	On March 13, Capital, along with Bankest, their respective principals, Eduardo and Hector Orlansky, and Bankest International, Inc., Capital's corporate parent, filed the 13D

Statement with the SEC.[1] (C.P.#18) The 13D Statement restated the crux of the Bankest-Stratasec Agreement and provides, in pertinent part, that Bankest, as assignor, "designated [Capital] to receive … 6,600,000 of the 7,000,000 shares, and designated [the Defendant] to receive the remaining 400,000 Shares (the "Garmendia Shares") [the "Transfer"]. … *No consideration was received by [Bankest, the assignor,] … in connection with [the Defendant's] acquisition of the Garmendia Shares*." (*Id.* at 7) (Italics added).

    4.    On March 4, 2003, Defendant, as Bankest's assignee, received a stock certificate evidencing the assignment of the Shares from Bankest, the assignor. Exhibit 3 to First Affidavit; Defendant's Motion at 4 (acknowledging receipt of Shares "until sometime after the stock certificate was issued to her on or about March 4, 2003").

    5.    On August 9, 2004, Bankest filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Petition"), Case No. 04-17602-BKC-AJC.

    6.    In Schedule "D" affixed to its Petition, Bankest listed secured debt owed to BESIL, in its capacity as collateral agent for the Lenders, in the amount of $170 million. Schedule "B" affixed to the Petition schedules a total value of assets of $5,031,509, including accounts receivable scheduled at $5 million. *Accord Kapila v. Espirito Santo Bank,* Adv. Pro. No. 05-1113-BKC-AJC-A (C.P.#51, at 8 ) (finding Bankest insolvent).

## Conclusions of Law

### A.    Summary Judgment Standards

    7.    To obtain summary judgment a movant must demonstrate that there exist no genuine issues of material fact for trial and it is entitled to judgment as a matter of law. Fed. R.

---

[1] A Schedule 13D statement is required to be filed under Section 13d of the Securities Act of 1934 within ten (10) business days of the acquisition of a direct or beneficial ownership of five percent (5%) or more of any class of equity securities in a publicly held corporation.

Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). To defeat a motion for summary judgment the non-movant must demonstrate that there is more than a scintilla of evidence in support of his position, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), and that there exists a genuine issue of material fact for trial. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

   **B.**  **Defendant's Motion for Summary Judgment**

   8.  On January 5, 2005, Defendant filed a Proof of Claim in Capital's chapter 7 case (the "POC"). <u>Exhibit A to Plaintiff's Cross-Motion</u>. The POC, signed and filed under penalty of perjury, was based upon "money loaned" to Capital and attached thereto was a list of checks, including the Check. But in her First Affidavit, dated September 25, 2006, also signed and filed under penalty of perjury, the Defendant testified that she gave Eduardo Orlansky "my check no. 3957 in the amount of $100,000 payable to 'Bankest' in exchange for 400,000 shares of Stratasec stock. Although I did not note the purpose of the check on the check itself, I did make a contemporaneous notation in my check register that the check was in exchange for the Stratasec stock." (*Id.,* ¶ 4) Thus, the Defendant asserts in the First Affidavit that the *same* $100,000 she characterized as "money loaned" to Capital in the POC was used to purchase the Shares from Bankest.

   9.  On October 26, 2006, Garmendia's counsel filed the Second Affidavit in which he, in essence, says that the inconsistency between Garmendia's POC and First Affidavit is the result of an innocent mistake he made in preparing the back-up for the POC. (C.P.#19) Whatever the reason for the inconsistencies, the Court believes summary judgment on the record before it is inappropriate, particularly in light of the Defendant's concession, on page 5 of her proposed order, that genuine issues of material facts remain. Consistent with the Defendant's

suggestion in her proposed order, the motion will be denied. The Defendant's proposed order further suggests the Plaintiff's motion for summary judgment be denied as well. However, while the Court agrees that the record before it is insufficient to establish entitlement to summary judgment in favor of the Defendant, the Court does believe that on the issue of the availability of the "value" defense, the Plaintiff is entitled to a partial summary judgment.

### C. Plaintiff's Motion for Summary Judgment on Fraudulent Transfer Claim

11. It is an *undisputed* fact that the money the Defendant paid for the Shares went to Capital, *not* Bankest, the entity that assigned its rights in the Shares to the Defendant, and Bankest was insolvent at the time as previously found by the Court, the latter fact *not* disputed by the Defendant at the hearing. As such, the Court believes the "value" defense of section 550(b)(1) of the Bankruptcy Code[2] is not available to the Defendant. While the Check was made to "Bankest," it is an *undisputed* fact that the Check was deposited into Capital's account at Espirito Santo Bank in Miami, Florida. Composite Exhibit B to Plaintiff's Cross-Motion. The Defendant has acknowledged this fact. Exhibit C to Plaintiff's Cross-Motion, at 2.

12. Thus, the "value" defense set forth in 11 U.S.C. §550(b)(1) is unavailable to the Defendant because she paid nothing to Bankest, the entity that assigned *its* rights to the Shares *to* the Defendant. The companion assignment by Bankest of *its* rights in the balance of the seven million shares of the Stratasec stock *to* Capital (C.P.#18, at 7) confirms that it was Bankest, *not* Capital, which assigned the Shares to the Defendant. The 13D Statement confirms that (i) Bankest transferred 6.6 million Shares to Capital and separately transferred 400,000 Shares to Garmendia, and (ii) Bankest did not receive any consideration from Garmendia for such Shares. Therefore, it is an undisputed fact that Garmendia (the assignee) obtained the Shares from

---

[2] "The trustee may not recover under section (a)(2) of this section from -- (1) a transferee that takes for value…, in good faith, and without knowledge of the voidability of the transfer." 11 U.S.C. § 550(b)(1). *Accord* Fla. Stat. § 726.109(1).

Bankest (the assignor), *not* Capital, which compels the conclusion that Bankest got no value in return for its assignment of the Shares to Garmendia since payment for the Shares was received *by Capital*.

13. Defendant's conclusory statement, that if (as *is* the case) the $100,000 she paid for the Shares was not received by Bankest, "that is [a matter] between ES Bankest and [Eduardo] Orlansky," Defendant's Motion at 5, cannot and does not change the fact that as a matter of law the "value" defense set forth in section 550(b)(1) is unavailable to the Defendant. The "value" the Defendant paid had to be value received by Bankest, the assignor. In this instance, Bankest, the assignor, received nothing from the Defendant. Moreover, Defendant's assertion that Freeman is bound by payment directions of Eduardo Orlansky, *id.* at 4, has already been rejected by the Court. The Court has previously held that representations by Mr. Orlansky and the other day-to-day managers of Bankest cannot be imputed to Bankest as a matter of law. *In re E.S. Bankest, L.C.,* Case No. 04-17602-BKC-AJC. (C.P.#346, at 24-27)  This argument does not and cannot change the undisputed fact that Bankest received no value whatsoever from the Defendant in return for the Shares Bankest assigned to her.

14. Because Bankest received "no consideration" for the Transfer, the "value" defense of section 550(b) is unavailable to Defendant and Plaintiff is therefore entitled to a partial summary judgment on that issue. (C.P.#18, at 7) ("No consideration was received by [Bankest] … in connection with [the Defendant's] acquisition of the Garmendia Shares."). Plaintiff is not, however, entitled to summary judgment on the "reasonably equivalent" element of Count I of the Adversary Complaint seeking to avoid the Transfer as constructively fraudulent under applicable Florida law. Fla. Stat. §§ 726.105(1)(b) and 726.106.

15.     Until such time as the value of the stock transferred is determined by the Court, the Court cannot determine whether or not Bankest received less than "reasonably equivalent value" for the transfer.  Although this Court has already held that Bankest was insolvent at all relevant times, *Kapila v. Espirito Santo Bank,* Adv. Pro. No. 05-1113-BKC-AJC-A (C.P.#51, at 8 ); *see also* ¶ 6, above, a fact not disputed by the Defendant at the hearing, this finding does not compel the conclusion that the Plaintiff has met the burden of proving his constructive fraudulent transfer claim.

16.     Plaintiff is entitled pursuant to 11 U.S.C. § 550 to recover the value of the Shares transferred, which valuation is determined as of the date of the transfer in question.  *In re Network Access Solutions Corp.,* 330 B.R. 67, 76 (Bankr. D. Del. 2005) ("The time for determining the value of a transfer is when the transaction was made.") (citations omitted); *see also In re American Way Service Corp.,* 229 B.R. 496, 538 (Bankr. S.D. Fla. 1999). "The purpose of section 550 is 'to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred.'"  *American Way Service Corp.,* 229 B.R. at 530-531 citing *Hirsch v. Gersten (In re Centennial Textiles, Inc.),* 220 B.R. 165, 176 (Bankr. S.D.N.Y. 1998) (*citing Morris v. Kansas Drywall Supply Company, Inc.(In re Classic Drywall, Inc.),* 127 B.R. 874, 876 (D. Kan. 1991)); *Aero-Fastener, Inc. v. Sierracin Corp. (In re Aero-Fastener, Inc.)*, 177 B.R. 120, 139 (Bankr. D.Mass. 1994)).  "If the value of the property has declined following the fraudulent transfer, returning the devalued property itself would not make the estate whole. In such instances, the courts have awarded a money judgment."  *Id.* (citations omitted); *In re Shape, Inc.,* 176 B.R. 1, 3 (Bankr. D. Me. 1994) (awarding plaintiff difference between value of stock at date of transfer and funds the transferor received).  Of course, if the Shares which were

transferred are proven to have had no value at the time of transfer, then the Court would be hard-pressed to conclude that Bankest did not receive reasonably equivalent value for the Shares.

17. Accordingly, the Court will set this case for hearing on the issue of the value of the Shares transferred, consistent with the Court's statements in open Court at the pretrial conference held December 11, 2006. The Court will further deny summary judgment on the unjust enrichment claim, pending a determination of the value of the Shares.

### **Conclusion**

Based on the foregoing, the Court **DENIES** Defendant's Motion and **GRANTS IN PART** Plaintiff's Cross-Motion on the issue of the unavailability of the "value" defense to the Defendant.

###

Copies to:

Paul J. Battista, Esq.
pbattista@gjb-law.com
GENOVESE JOBLOVE & BATTISTA, P.A.
Bank of America Tower
100 S.E. Second Street, 44th Floor
Miami, FL 33131
Tel. (305) 349-2300
Fax (305) 349-2310

*(Attorney Battista shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*